UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AUSBEN L. LOGAN,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY CARE,<br><br>Defendant. | CAUSE NO. 1:22-CV-370-HAB-SLC |

OPINION AND ORDER

Ausben L. Logan, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Logan is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Logan is in custody at the Allen County Jail awaiting trial. He claims that when he arrived at the jail on June 25, 2022, he was having stomach problems and was seriously underweight at 6 foot 1 inches tall and 128 pounds. He asked for a proper diet

and medical treatment to address excess stomach acid, which is damaging his teeth and causing him acid reflux. He states that he had a "diet consult" with an unidentified person in mid-August 2022, and was told he did not qualify for a special diet because he had gained two pounds since his arrival at the jail. He claims he was only able to gain weight by buying foods at the commissary, because the food trays he receives are not adequate to meet his needs. He claims he still feels sick to his stomach and light-headed and recently started "throwing up blood with [his] food."

Because Mr. Logan is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care and adequate food. *Miranda*, 900 F.3d at 353-54; *Smith v. Dart*, 803 F.3d 304, 309-10 (7th Cir. 2015). To establish a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th

2

Cir. 2020). It is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Mr. Logan the inferences to which he is entitled at this stage, he has alleged a serious medical need related to his stomach issues. However, the only defendant he names is "Quality Care," the private company that provides medical care at the jail. There is no general respondeat superior liability under 42 U.S.C. § 1983, and this company cannot be held liable for a constitutional violation solely because it employs medical staff who made decisions about Mr. Logan's care. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021); *see also Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom.").

Mr. Logan does not allege there is an official policy or custom at play that caused him injury. Rather, he alleges that staff have been neglecting him and that the person who conducted the "diet consult" made a poor decision. "[I]solated wrongdoing" by a

3

few employees cannot support a *Monell* claim. *Howell*, 987 F.3d at 654. Therefore, he has not stated a plausible Fourteenth Amendment claim against this corporate defendant.[1]

Nevertheless, the complaint can be read to allege that Mr. Logan has an ongoing need for a proper diet and medical treatment which he is not receiving. The Jail Warden has both the authority and the responsibility to ensure that inmates at his facility are provided with adequate medical treatment and food as required by the Fourteenth Amendment. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Logan will be permitted to proceed on a claim against the Jail Warden in his official capacity for injunctive relief related to his ongoing need for medical treatment and a medically appropriate diet.

For these reasons, the court:

(1) DIRECTS the clerk to add the Allen County Jail Warden as a defendant;

(2) GRANTS the plaintiff leave to proceed on an official capacity claim against the Allen County Jail Warden under the Fourteenth Amendment to obtain adequate medical care and a medically appropriate diet for his stomach issues;

(3) DISMISSES Quality Care as a defendant;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

---

[1] Mr. Logan is free to file an amended complaint if he believes he can add additional factual content to allege a plausible constitutional claim against Quality Care. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

4

the Allen County Jail Warden at the Allen County Jail and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Allen County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(7) ORDERS the Warden to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 20, 2022.

> s/Holly A. Brady
> JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT