UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

AUSBEN L. LOGAN,

    Plaintiff,

    v.     CAUSE NO. 1:22-CV-370-HAB-SLC

ALLEN COUNTY JAIL WARDEN,

    Defendant.

OPINION AND ORDER

Ausben L. Logan, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 5.) In accordance with 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Logan is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Logan is in custody at the Allen County Jail awaiting trial. On October 20, 2022, the court granted him leave to proceed on an official capacity claim against the Allen County Jail Warden under the Fourteenth Amendment to obtain necessary

medical care and a medically appropriate diet for stomach issues. (ECF 3.) The Warden has entered an appearance but has not yet answered the complaint.

Mr. Logan's amended complaint supersedes his earlier complaint and controls the case from this point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009). He again claims that when he arrived at the jail in June 2022, he was having stomach problems and was seriously underweight. He was given some type of supplement but claims it made him throw up. He claims to have ongoing problems with acid reflux and as a result often feels "sick & light headed." He claims that he had a dietary consultation in August 2022 but was told that he did not qualify for a special diet. He states that he filed a grievance but "nothing was done." (ECF 5 at 3.) Based on these events, he sues the Warden for "$25,000-$50,000 for overseeing my mental & physical state & ignoring my circumstances."(*Id.* at 4.)

Because Mr. Logan is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care and adequate food. *Miranda*, 900 F.3d at 353-54; *Smith v. Dart*, 803 F.3d 304, 309-10 (7th Cir. 2015). To establish a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly,

2

or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). It is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Mr. Logan the inferences to which he is entitled at this stage, he has alleged a serious medical need related to his stomach issues. However, liability under 42 U.S.C. § 1983 is based on personal responsibility, and the Warden cannot be held liable for damages solely because he oversees operations at the jail or supervises other jail staff. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). The Warden is not mentioned in the narrative section of the complaint, and there is no plausible basis to infer that he was personally involved in these events. Instead, Mr. Logan appears to be trying to hold him liable as the official "overseeing" his detention at the jail. (*See* ECF 5 at 3.) However, that is not a viable basis for imposing liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

He mentions having filed a grievance, but he does not describe what information he conveyed other than to state that the grievance referenced "all the issues." Nor does he state whom he sent the grievance to. Even if the court were to presume that he sent a grievance to the Warden raising concerns about his health issues, this alone would not form the basis for liability under 42 U.S.C. § 1983. As the Seventh Circuit has explained:

3

> Public officials do not have a free-floating obligation to put things to rights . . . Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

*Burks*, 555 F.3d at 595.

As stated, there are no allegations in the amended complaint from which the court can plausibly infer that the Warden was personally involved in deciding what medical care or diet Mr. Logan should be given. The mere fact that Mr. Logan may have written to the Warden to complain about these issues does not mean the Warden can be held liable for damages. *Id.* It is evident from Mr. Logan's allegations that medical staff were taking steps to address his stomach issues, including giving him some type of supplement and evaluating his need for a special diet. Although Mr. Logan disagrees with their medical decisions, as a non-medical staff member, the Warden was permitted to defer to medical staff about what care was needed. *See Miranda*, 900 F.3d at 343; *Burks*, 555 F.3d at 595. Mr. Logan will not be permitted to proceed on a claim for damages against the Warden.[1]

---

[1] In the caption Mr. Logan lists "David Gladieux," who is the Sheriff of Allen County not the Jail Warden. *See* https://www.allencountysheriff.org/sheriff-david-j-gladieux. To the extent Mr. Logan is trying to allege a claim for damages against the Sheriff, such a claim fails for the same reasons articulated as to the Warden.

Nevertheless, as with the original complaint, the amended complaint can be read to allege that Mr. Logan has an ongoing need for medical treatment for a serious medical problem. He will be permitted to proceed on a claim against the Warden in his official capacity for injunctive relief related to his ongoing need for treatment. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed on an official capacity claim against the Allen County Jail Warden under the Fourteenth Amendment to obtain needed medical care and a medically appropriate diet to address his stomach issues;

(2) DISMISSES all other claims;

(3) ORDERS the Warden to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 10, 2022.

 s/ Holly A Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT